FILED
MAY - 7 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Thomas P. Vitrano,       )
                         )
         Plaintiff,      )
                         )
    v.                   )   Civil Action No. 18-860 (UNA)
                         )
United States Attorney General *et al.*,  )
                         )
         Defendants.     )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a prisoner at the Englewood Federal Correctional Institution in Littleton, Colorado. He purports to sue the United States Attorney General, Federal Bureau of Prisons, United States Marshals Service and an assistant United States attorney in the Eastern District of Wisconsin under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.* Notwithstanding the captioned "Civil 'RICO Violations," plaintiff is clearly challenging the legality of his conviction and sentence. He alleges that he "has been convicted and sentenced (Multiple times) by a United Sates District Court, of which has held 'NO CONGRESSIONALLY AUTHORIZED JURISDICTIONAL ASSIGNMENT' over criminal

proceedings."[1] Compl. at 2 (parenthesis and capitalization in original). Plaintiff then states: "In summary, Vitrano is contesting the jurisdictional authority over all of his criminal proceeds [sic][.]" *Id.* Plaintiff seeks "immediate vacation of all criminal process," his "immediate release from wrongful incarceration," and $50 million in pecuniary relief "for the 15 plus years of illegal detention." Compl. at 9.

Under the doctrine of sovereign immunity, the federal government is subject to suit only upon consent, which must be clear and unequivocal, *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted), and "sovereign immunity is jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "The United States has not waived sovereign immunity for claims brought under the RICO Act." *Klayman v. Obama*, 125 F. Supp. 3d 67, 79 (D.D.C. 2015) (citing cases); *see Norris v. Dep't of Defense*, No. 96-5326, 1997 WL 362495 (D.C. Cir. May 5, 1997) (per curiam) (finding claim for treble damages under the RICO Act "barred by the doctrine of sovereign immunity"); *Andrade v. Chojnacki*, 934 F. Supp. 817, 831 (S.D. Tex. 1996) ("Absent an express waiver of sovereign immunity, a RICO action cannot be maintained against the United States.") (citing cases)).

Apart from the jurisdictional barrier, plaintiff can state no claim for monetary damages based on the alleged illegalities without first invalidating his convictions via direct appeal, habeas corpus, or a declaration by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x. 1,

---

[1] *See Vitrano v. United States*, No. 02-cr-199-LA-1, 2016 WL 7046801, at *1 (E.D. Wis. Dec. 2, 2016) (noting plaintiff's "long and storied litigation history in this District" and his convictions "in the context of two, separate criminal proceedings . . . of: (1) being a felon in possession of ammunition and a firearm . . . ; and (2) [ ] possessing the same while subject to a domestic abuse injunction . . .," and of "(1) making a false declaration to a court, . . .; (2) attempting to corruptly influence a court proceeding, . . .; and (3) threatening a witness . . . .").

2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Plaintiff has had no success thus far. *See Vitrano*, 2016 WL 7046801, at *1 n.1 ("Mr. Vitrano has filed multiple Section 2255 petitions in this District) (listing cases)). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ Colleen Kollar-Kotelly
United States District Judge

DATE: May 7th, 2018